IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Charles M. Rynes, #273068, | ) | |
|---|---|---|
| | ) | C/A No. 0:08-2335-TLW-PJG |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden McKither Bodison, | ) | |
| | ) | |
| Respondent. | ) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 28). The petitioner, Charles M. Rynes ("Rynes"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The respondent filed a motion for summary judgment. (Docket Entry 28.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 30.) Following two extensions of time, Rynes filed a response in opposition to the respondent's motion. (Docket Entry 40.) The motion is now before the court for a Report and Recommendation.

## BACKGROUND

Rynes was indicted in June 2001 in Berkeley County for murder (01-GS-08-1344). (App. at 541-42, Docket Entry 27-15 at 45-46.) Rynes was represented by J. Mitchell Lanier, Esquire, and on July 12-14, 1999, was tried by a jury and found guilty as charged. (App. at 529, Docket Entry 27-15 at 33.) The circuit court sentenced Rynes to life imprisonment without parole. (App. at 537, Docket Entry 27-15 at 537.)

Rynes timely filed a direct appeal. On appeal, Rynes was represented by Robert M. Dudek, Esquire, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On November 1, 2002, counsel for Rynes filed an Anders[1] brief and a petition to be relieved as counsel in which he presented the following issue:

> Whether the court erred by admitting State's Exhibit #31, a bridge and body part, and State's Exhibits #18, 22 and 26, photos of the victim's bones and shoes found in the woods, since the probative value of these exhibits was substantially outweighed by their unduly prejudicial effect under Rule 403, SCRE?

(Docket Entry 27-2 at 4.) Rynes filed a *pro se* brief on December 19, 2002 in which he argued the following:

> I. The Trial court erred in allowing the State to introduce highly prejudicial color photographs of the victim over objections of defense counsel where the probative value was outweighed by their prejudicial value.
>
> II. The Trial Court erred in permitting written testimony to be sent to the jury room during deliberations instead of requiring the jury to return to the courtroom, hear it replayed and rely solely on their collective memories to complete deliberations.

(Docket Entry 27-3 at 2.) In a *per curiam* opinion, the South Carolina Court of Appeals dismissed Rynes's appeal. (State v. Rynes, 2003-UP-332 (S.C. Ct. App. May 15, 2003), Docket Entry 27-4). The remittitur was issued on June 17, 2003. (Docket Entry 27-5.)

On July 29, 2003, Rynes filed an application for post-conviction relief ("PCR"). (See Rynes v. State of South Carolina, 03-CP-08-1714, App. at 544-48, Docket Entry 27-15 at 48-52.) The State filed a return on December 23, 2003. (App. at 549-54, Docket Entry 27-15 at 53-58.) Rynes filed

---

[1] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

an amended application on March 15, 2005. (App. at 555-60, Docket Entry 27-15 at 59-64.) The State filed a return to the amended application on September 23, 2005. (App. at 561-66, Docket Entry 27-15 at 65-70.) In his application, as amended, Rynes raised the following grounds:

(a) Ineffective assistance of trial counsel in violation of the Sixth Amendment of the United States Constitution and in violation of Article I, Section Fourteen of the South Carolina Constitution;
1. trial counsel had a conflict of interest that prevented him from providing R[]ynes with effective representation when R[]ynes had filed a PCR application against trial counsel for his representation in a previous case;
2. trial counsel failed to object to the State's introduction of R[]ynes' May 23, 2001 statements to law enforcement when law enforcement employed a two-stage interrogation of R[]ynes on May 23, 2001 in violation [of] the Supreme Court's holding in *Missouri v. Siebert*;
3. trial counsel failed to object to R[]ynes' June 22, 2001 statement when R[]ynes had invoked his right to remain silent on May 23, 2001 when he told law enforcement that "he did not [w]ant to talk about it anymore";
4. trial counsel failed to object to R[]ynes' June 22, 2001 statement when law enforcement initiated contact with him after judicial proceedings had been initiated against him by the State's obtaining a warrant for his arrest on May 30, 2001 and R[]ynes' requesting a public defender before June 22, 2001;
5. trial counsel failed to request a limiting instruction on evidence of R[]ynes' bad character that was introduced during the trial;
6. trial counsel failed to object to the trial court's charge on the Applicant's asserting his right to not testify when the trial court instructed the jury that it should not consider the Applicant's "failure to testify";
7. trial counsel failed to object to the trial court's charge on reasonable doubt when the trial court gave a burden shifting instruction by instructing the jury to search for the truth;
8. trial counsel failed to object to the indictment's omission of both the time and place of the manner in which the assault was committed and the time and place of the death of the victim; and
9. any other claims which R[]ynes may raise at his evidentiary hearing.

(b) the trial court lacked subject-matter jurisdiction over this case because the indictment omitted the essential elements of the time and place of the manner in which the assault was committed and the time and place of the death of the victim; and

(c) R[]ynes is actually innocent of his sentence of life imprisonment because the trial court's use of his past armed robbery conviction violated his Sixth Amendment right to a jury trial.

(App. at 556-58, Docket Entry 27-15 at 60-62.) On March 14, 2006, the PCR court held an evidentiary hearing at which Rynes appeared and was represented by Andrew D. Grimes, Esquire. (App. at 567-607, Docket Entry 27-15 at 71 through Docket Entry 27-16 at 23.) The PCR judge issued an order dismissed Rynes's PCR application that was filed on May 19, 2006. (App. at 608-21, Docket Entry 27-16 at 24-37.) Rynes filed a motion to reconsider, which was subsequently denied by order filed August 7, 2006. (App. at 622-27, Docket Entry 27-16 at 38-43.)

Rynes timely filed an appeal. On appeal, Rynes was represented by Wanda H. Carter, Esquire, Deputy Chief Attorney for the South Carolina Commission of Indigent Defense. On July 23, 2007, Attorney Carter filed a Petition for Writ of Certiorari which she presented the following issues:

1. Trial counsel erred in representing petitioner on the murder charge while simultaneously being the subject of an ongoing ineffective assistance of counsel claim against him via a PCR action instituted by petitioner with respect to his representation of petitioner in a prior criminal matter.

2. Trial counsel erred in failing to object to the trial court's failure to testify comment.

3. Trial counsel erred in failing to object to the court's instruction to "search for the truth" with respect to the reasonable doubt charge.

(Docket Entry 27-6 at 3.) The State filed a return on November 7, 2007. (Docket Entry 27-7.) In an order dated May 30, 2008, the South Carolina Supreme Court denied the petition for a writ of certiorari. (Docket Entry 27-8.) The remittitur was issued on June 18, 2008. (Docket Entry 27-9.)

**FEDERAL HABEAS ISSUES**

Rynes filed his petition for a writ of habeas corpus in this court on June 24, 2008, in which he raises the following issues:

**Ground One:** Petitioner was denied a fair trial when the trial count erred by allowing prejudicial photos in
　**Supporting Facts:** The trial court admitted photos of the victim[']s body parts. [T]he prejudicial impact denied me a fair trial under the 14th Amendment[.]

**Ground Two:** Ineffective Assistance of Counsel[,] Denial of 6th Amendment
　**Supporting Facts:** Petitioner brought this issue pursuant to Post Conviction Relief Act, along with 8 additional ineffective assistance claims [in] amended application.

(Pet., Docket Entry 1 at 5-6.)

## DISCUSSION

**A.　Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth

specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.  Habeas Corpus Standard of Review**

    **1.  Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### 2. Exhaustion Requirement

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

### C. Respondent's Motion for Summary Judgment

#### 1. Ground One

Rynes's first ground for federal habeas relief alleges that he was denied a fair trial in violation of the Fourteenth Amendment when the trial court admitted prejudicial photographs of the victim's body. In Rynes's direct appeal, both he and his appellate counsel argued that various photographs of the victim were improperly admitted; however, in support of these arguments, Rynes and his counsel relied solely on the South Carolina Rules of Evidence and South Carolina case law. (See Final Anders Br., Docket Entry 27-2; *Pro se* Br., Docket Entry 27-3.) Rynes did not argue that the trial court's rulings violated his due process rights or that the trial judge committed any other federal constitutional violation. (See id.) However, in his federal habeas corpus Petition, Rynes

asserts for the first time that he was denied due process based on these two errors allegedly committed by the trial court. (Pet., Docket Entry 1.)

To exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." Picard v. Connor, 404 U.S. 270, 275-76 (1971). For state courts to have a "fair opportunity" to hear a federal claim, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982) (*per curiam*) (internal citations omitted). Since Rynes did not raise a constitutional issue pertaining to these claims in state court, he is procedurally barred from raising these issues for the first time on federal habeas review, unless he can demonstrate sufficient cause for the default and prejudice, or that a fundamental miscarriage of justice will occur by failing to consider this claim. See Duncan v. Henry, 513 U.S. 364 (1995) (reversing a grant of a writ of habeas corpus where a petitioner in his direct appeal claimed only that the ruling violated state evidentiary rules and not a federal constitutional right); Lawrence, 517 F.3d at 714; Coleman, 501 U.S. at 750. Rynes has not demonstrated, or even alleged, sufficient cause for the default and prejudice, or that a fundamental miscarriage of justice will occur by failing to consider this claim; therefore, this claim is procedurally barred from federal habeas review.

Even if this ground were not procedurally barred, Rynes is not entitled to federal habeas relief. Upon review of the record, Rynes cannot demonstrate that the admission of those photographs gave rise to "circumstances impugning fundamental fairness or infringing specific constitutional protections." Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960); see also Spencer v. Murray, 5 F.3d 758, 762 (4th Cir. 1993) (stating that in federal habeas actions, the court does not review the admissibility of evidence under state law unless the erroneous evidentiary rulings

were so extreme as to result in a denial of a constitutionally fair proceeding). Moreover, to the extent that Rynes is arguing that the photographs were admitted in violation of the South Carolina Rules of Evidence, the court cannot review the state courts' ruling on this issue. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions.").

### 2. Ground Two

Rynes's second ground alleges ineffective assistance of trial counsel. As an initial matter, while Rynes raised numerous issues of ineffective assistance of counsel in his PCR application, many of them are procedurally barred. The only issues of ineffective assistance of counsel that were raised before the South Carolina appellate courts were the following:

1. Trial counsel erred in representing petitioner on the murder charge while simultaneously being the subject of an ongoing ineffective assistance of counsel claim against him via a PCR action instituted by petitioner with respect to his representation of petitioner in a prior criminal matter.

2. Trial counsel erred in failing to object to the trial court's failure to testify comment.

3. Trial counsel erred in failing to object to the court's instruction to "search for the truth" with respect to the reasonable doubt charge.

(Docket Entry 27-6 at 3.) Any other claims of ineffective assistance of counsel are unexhausted or procedurally barred, as Rynes failed to raise these in his PCR appeal. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Greene, 523 U.S. 371, 375 (1998) (internal citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Rynes has not demonstrated—or even alleged—sufficient cause for the default and resulting prejudice, or

that a fundamental miscarriage of justice will occur by failing to consider these claims. See Coleman, 501 U.S. at 750. Therefore, all claims of ineffective assistance of counsel other than those described above are procedurally barred.

### a. Ineffective Assistance of Counsel Generally

A defendant has a constitutional right to the effective assistance of counsel. Williams v. Florida, 465 U.S. 1109, 1111 n.5 (1984). To demonstrate ineffective assistance of counsel, Rynes must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, Rynes must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, Rynes "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

*PJG*

### b. Conflict of Interest

"A criminal defendant's Sixth Amendment right to effective assistance of counsel includes a right to counsel unhindered by conflicts of interest." Mickens v. Taylor, 240 F.3d 348, 355 (4th Cir. 2001) (*en banc*). Ineffective assistance of counsel based on a conflict of interest "presents a special case" with specific standards. Id. "To establish ineffective assistance of counsel on conflict of interest grounds, a petitioner must establish that (1) his attorney labored under 'an actual conflict of interest' that (2) 'adversely affected his lawyer's performance.' " Id. (citing Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)). However, "[a]dverse effect cannot be presumed from the mere existence of a conflict of interest." Rubin v. Gee, 292 F.3d 396, 401 (4th Cir.2002). If this test is satisfied, then prejudice is presumed. Mickens, 240 F.3d at 355.

To show an actual conflict of interest, a petitioner " 'must show that [his] interests diverge[d] [from his attorney's] with respect to a material factual or legal issue or to a course of action.' " Stephens v. Branker, 570 F.3d 198, 209 (4th Cir. 2009) (alterations in original). To satisfy the second prong, the petitioner must demonstrate that "the actual conflict of interest compromised his attorney's representation." Id. The PCR court concluded that Rynes failed to present any evidence that his trial counsel was defective and failed to show any prejudice.[2] (App. at 611, Docket Entry 27-16 at 27.) Further, Rynes was asked at the PCR hearing whether the fact that Rynes had a pending PCR action challenging trial counsel's effectiveness in a prior criminal case while trial counsel was representing Rynes on the murder charge affected his ability to represent Rynes. Rynes responded, "I would . . . not really." (App. at 574, Docket Entry 27-15 at 78.)

---

[2]The court notes that the Appendix is missing page 4 of the PCR court's order, which partially addresses this issue. (See App. at 610-11, Docket Entry 27-16 at 26-27.)

Based on a review of the record, Rynes has failed to demonstrate that the state court unreasonably applied clearly established federal law. Williams v. Taylor, 529 U.S. at 410. Moreover, Rynes's own testimony shows that there is no evidence that any alleged conflict affected his trial counsel's ability to represent him. See Stephens, 570 F.3d at 209. Therefore, Rynes is not entitled to federal habeas relief on this claim.

      **c.**    **Failure to Object**

Rynes also alleges that trial counsel was ineffective in failing to object to trial court's statement while charging the jury that Rynes's "failure to testify should not even be discussed in the jury room." (See App. at 505, Docket Entry 27-15 at 9.) Further, Rynes alleges that trial counsel was ineffective in failing to object to the court's instruction to "search for the truth" with respect to the reasonable doubt charge. While the PCR court, as well as the respondent, noted that South Carolina courts disfavor these phrases in jury instructions, the PCR court found that the charges taken as a whole adequately stated the law. Further, the court found that Rynes failed to demonstrate a reasonable likelihood that the jury would have returned a different verdict but for the use of either of these phrases. (App. at 618-19, Docket Entry 27-16 at 34-35.)

As stated above, this court cannot review the PCR court's decision regarding state law. See Estelle, 502 U.S. at 67-68 ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."). Therefore, to the extent that Rynes argues that the state courts misapplied state law, his argument fails. Moreover, Rynes has not shown that the state court's analysis of this issue, or the appellate court's decision to deny certiorari, misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410.

Rynes argues that if the instruction is disfavored then "there is a reasonably strong possibility of prejudicial error . . . ."[3] (Petr.'s Resp. Opp'n Summ. J., Docket Entry 40 at 24.) Upon a review of the jury charges in their entirety, the court finds that Rynes has not demonstrated that they were improper. Mazzell v. Evatt, 88 F.3d 263, 267 (4th Cir. 1996) ("[A]n allegedly erroneous instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record.") (internal quotation marks omitted). The court notes that the trial judge repeatedly instructed the jury that the state's burden was beyond a reasonable doubt. (App. at 78, 79, 81, 83, 504-06, 507-08, 513, 514-17, 519, Docket Entry 27-10 at 82, 83, 85, 87 & Docket Entry 27-15 at 8-10, 11-12, 17, 18-21, 23.) Further, even if these statements were improper, Rynes has failed to establish that he was prejudiced as a result of either of them, as he not presented any evidence to demonstrate a reasonable probability that the result of the proceeding would have been different if his counsel had objected to the jury charge. Strickland, 466 U.S. at 694. For these reasons, Rynes is not entitled to habeas relief on these claims.

### RECOMMENDATION

Based upon the foregoing, the court recommends that the respondent's motion for summary judgment (Docket Entry 28) be granted.

August 13, 2009  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[3] With regard to the court's instruction for the jury to "search for the truth," Rynes cites to Supreme Court case law that holds that a constitutionally deficient reasonable doubt instruction cannot be harmless error, but is among those errors which require reversal of a conviction (Docket Entry 40 at 24-25 (citing Sullivan v. Louisiana, 508 U.S. 275 (1993)). However, upon reviewing the reasonable doubt charge provided by the trial judge, Rynes has presented no evidence that the charge was "constitutionally deficient." Therefore, this argument fails.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).